**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 16 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MARTIN EMILIO CUADROS MOLINA; DIANA CAROLINA MARTINEZ MARTIN; M. C. M.; S. C. M., | No. 25-5158 |
| | Agency Nos. |
| | A246-393-350 |
| Petitioners, | A246-393-293 |
| | A246-393-348 |
| v. | A246-393-349 |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 14, 2026**
San Francisco, California

Before: RAWLINSON, R. NELSON, and BADE, Circuit Judges.

Martin Emilio Cuadros Molina, his wife Diana Carolina Martinez Martin,

and their two minor children, all natives and citizen of Colombia, petition for

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

review of the Board of Immigration Appeals' (BIA) dismissal of their appeal from an immigration judge's (IJ) decision denying asylum, withholding of removal, and protection from removal under the Convention Against Torture (CAT).[1]  We have jurisdiction under 8 U.S.C. § 1252(a).  We review factual findings, including adverse credibility determinations, for substantial evidence.  *Dong v. Garland*, 50 F.4th 1291, 1296 (9th Cir. 2022); *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020).  We deny the petition.

1.    Cuadros Molina challenges the agency's adverse credibility determination.  Substantial evidence supports the adverse credibility determination considering the "totality of the circumstances[ ] and all relevant factors," *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) (alteration in original) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)), and the "extremely deferential" standard of review, *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1064 (9th Cir. 2020) (citation omitted).  The agency identified numerous non-trivial inconsistencies between Cuadros Molina's testimony and the documentary evidence in the record.  *See Shrestha v. Holder*, 590 F.3d 1034, 1040 (9th Cir. 2010) (stating that inconsistencies may be considered in assessing credibility under the totality of the circumstances).  The agency also identified a non-trivial omission in Cuadros

---

[1] Cuadros Molina's wife and children are derivative beneficiaries of his asylum application.  *See* 8 U.S.C. § 1158(b)(3)(A).

Molina's second declaration. We conclude that these significant inconsistencies and the non-trivial omission are sufficient to sustain the agency's adverse credibility determination. *See Alam*, 11 F.4th at 1137 ("There is no bright-line rule under which some number of inconsistencies requires sustaining or rejecting an adverse credibility determination."). The IJ gave Cuadros Molina sufficient opportunity to explain any inconsistencies and his explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000).

Therefore, substantial evidence supports the agency's conclusions. Given the absence of credible testimony, Cuadros Molina's claims for asylum and withholding of removal fail, because "the remaining evidence in the record is insufficient to carry [his] burden of establishing eligibility for relief." *Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017).

2.     Substantial evidence supports the agency's denial of CAT protection. To qualify for CAT relief, a petitioner must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). As the agency concluded, Cuadros Molina offered no evidence of past torture. *See Ruiz Colmenares v. Garland*, 25 F.4th 742, 751 (9th Cir. 2022) (explaining that evidence of past torture is relevant, but not sufficient, in assessing the likelihood of future torture). The agency also reasonably determined that, without the support of any credible testimony, the country conditions evidence

Cuadros Molina presented was insufficient to meet Cuadros Molina's burden. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) (stating that "a general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence"); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) (concluding that evidence of generalized violence and crime was not particular to the petitioner and did not satisfy the petitioner's burden). Cuadros Molina points to no other record evidence that compels a conclusion contrary to the agency's determination that he failed to demonstrate eligibility for CAT protection.

**PETITON DENIED**.[2]

---

[2] The motion for stay of removal is denied. Dkt. 2.